UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND,
WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND
APPRENTICESHIP FUND,
JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND,
TERRANCE E. MCGOWAN, as a Trustee of said Funds, and
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139,

            Plaintiffs,

v.                                               CIVIL ACTION NO. _____

MCDOWELL AFFORDABLE CONCRETE, LLC
N57W13394 REICHERT AVE.
MENOMONEE FALLS, WI 53051,

            Defendant.
_____

**COMPLAINT**
_____

        The Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Terrance E. McGowan, as a Trustee of Said Funds, and International Union of Operating Engineers, Local 139, by their General Counsel, complaining of the Defendant, McDowell Affordable Concrete, LLC, allege as follows:

**JURISDICTION AND VENUE**

        1.     This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA") and the Labor-Management Relations Act of 1947, as

amended, 29 U.S.C. § 185.  Jurisdiction is based upon the existence of questions arising under federal law, 28 U.S.C. § 1331.  The rights asserted with respect to all Counts arise from the same series of transactions and there are common questions of law and facts to all Counts.

2. Plaintiffs are administered at N27W23233 Roundy Drive Pewaukee, WI 53702, which is located in this district making venue proper, 28 U.S.C. § 1391(b)(2).

## COUNT I

3. Plaintiffs, Operating Engineers Local 139 Health Benefit Fund and Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund (hereinafter "Plaintiff Funds"), are "employee welfare benefit plans" and "plans" within the meaning of ERISA ("Plans"). Plaintiff McGowan is a fiduciary of Plaintiff Funds.

4. Defendant is a party to a collective bargaining agreement with Local 139 of the International Union of Operating Engineers ("Collective Bargaining Agreement").

5. Defendant is obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the Collective Bargaining Agreement.  Defendant is also obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the trust agreements that are incorporated by reference in the Collective Bargaining Agreement and establish and govern Plaintiff Funds ("Trust Agreements").

6. Defendant is an "Employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to Plaintiff Funds pursuant to ERISA, 29 U.S.C. § 1145.

7. As an Employer obligated to make fringe benefit contributions to Plaintiff Funds under the Collective Bargaining Agreement and Trust Agreements, Defendant is specifically required to do the following:

   a. To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose

2

behalf contributions are required to be made by Defendant to Plaintiff Funds, or, if no such persons are employed, to submit a report so stating ("Monthly Report");

b. To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

c. To make all of its payroll books and records available to Plaintiff Funds for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiff Funds;

d. To compensate Plaintiff Funds for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiff Funds for a particular month prior to the 15th day of the succeeding month, plus interest on the late payments of 1 1/2 % per month simple interest to compensate for the loss of use of the money, *see also* 29 U.S.C. §§ 1132(g)(2)(B) and (C);

e. To pay any and all costs incurred by Plaintiff Funds in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiff Funds;

f. To pay Plaintiff Funds' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions, *see also* 29 U.S.C. § 1132(g)(2)(D); and

g. To furnish to Plaintiff Funds a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff Funds, to cover future contributions due Plaintiff Funds.

8. Defendant has breached its obligations to Plaintiff Funds and its obligations under the Plans and Trust Agreements by failing to make payment of contributions, liquidated damages, interest, and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its Employees incorrectly to Plaintiff Funds.

9. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, there is a total of $13,929.84 known to be due Plaintiff Funds from Defendant for the audited period of December 1, 2013 to November 30, 2015 ("Audited Period").

10. Defendant has failed to submit the required Monthly Reports or pay contributions for the time period December 1, 2015 – May 31, 2016 ("Unaudited Period"). As a result, additional amounts of contributions, liquidated damages and interest may be due for the Audited Period.

11. Plaintiff Funds have requested that Defendant performs its obligations, but Defendant has failed and refused to so perform.

12. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Funds is causing and will continue to cause irreparable injuries to Plaintiff Funds for which they have no adequate remedy at law.

WHEREFORE, Plaintiff Funds request the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the Collective Bargaining Agreement as to wages received and hours worked by such employees to determine amounts required to be paid to Plaintiff Funds, covering the period for which the Collective Bargaining Agreement is to be effective;

B. That Defendant be ordered to continue submitting Monthly Reports and pay all current contributions while this action is pending;

C. That Judgment be entered in favor of the Plaintiff Funds and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiff Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action, all as provided for in the Plans, Trust Agreements and in ERISA;

D. That Defendant be permanently enjoined and ordered to perform specifically its obligations to the Plaintiff Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Plaintiff Funds in a timely fashion as required by the Plans and by ERISA; and

E. That the Plaintiff Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

13. Plaintiff International Union of Operating Engineers, Local 139 ("Plaintiff Union") is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative, and is party to the Collective Bargaining Agreement to which Defendant has agreed to be bound.

14. Under the Collective Bargaining Agreement, Defendant has agreed to deduct from the wages of those of its employees represented by Plaintiff Union in collective bargaining and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions, as described in Count I of this Complaint.

15. Defendant has deducted or has been required to deduct dues from the wages of its employees as required by the Collective Bargaining Agreement. Plaintiff Union has been unable to verify whether Defendant has properly remitted all such monies deducted from employees' wages to Plaintiff Union, and has instead converted such monies to their own use, because some of the amounts due are for unaudited periods of time, as alleged in Count I of this Complaint.

16. The total amount of money which Plaintiff Union knows Defendant to have failed to remit in violation of the Collective Bargaining Agreement is $1,001.34 for the Audited Period of December 1, 2013 through November 30, 2015. Additional amounts may be due for the Unaudited Period.

17. The Defendant's acts and omissions as described herein constitute a breach of the Collective Bargaining Agreement and entitle Plaintiff Union to recover from Defendant all monies which Defendant was required to remit to Plaintiff Union, whether deducted from wages

5

or not and whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union requests the following relief:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

B. That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

C. That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT III

18. Plaintiff Joint Labor Management Work Preservation Fund a/k/a Construction Business Group ('JLMWPF") is a jointly trusted labor management cooperative established to assist workers and employers in solving problems of mutual concern not susceptible to resolution within the collective bargaining process, to improve the employment opportunities of employees, to expand the market for the construction industry, to improve communications between labor and management, and to provide workers and employers with opportunities to explore joint approaches to organization and effectiveness. Plaintiff McGowan is a fiduciary of JLMWPF.

19. Defendant is a party to the Collective Bargaining Agreement, which requires contributions to Plaintiff JLMWPF at a set rate for each hour worked by employees performing work covered under the Collective Bargaining Agreement.

20. Defendant has failed to remit the contributions due.

21. The total amount of money which Plaintiff JLMWPF knows Defendant to have failed to remit for the Audited Period in violation of the Collective Bargaining Agreement is $320.40. Additional amounts may be due for the Unaudited Period.

22. The Defendant's acts and omissions as described herein constitute a breach of the Collective Bargaining Agreement and entitle Plaintiff JLMWPF to recover from Defendant all monies which Defendant was required to remit to Plaintiff JLMWPF, whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff JLMWPF to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff JLMWPF requests the following relief:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff JLMWPF;

B. That Plaintiff JLMWPF recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

C. That Plaintiff JLMWPF have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT IV

23. Plaintiffs caused audits of Defendant's payroll books and records for the time periods October 1, 2009 – December 31, 2011, January 1, 2012 – December 31, 2012 and January 1, 2013 – November 2013 ("Previous Audits").

24. On June 22, 2015, Plaintiffs and Defendant entered into a Settlement Agreement and General Release ("Settlement Agreement") to resolve amounts due by Defendant, as shown in the Previous Audits. The Plaintiff Funds agreed to conditionally waive liquidated damages in the amount of $5,668.60, as long as Defendant made timely contributions to the Plaintiff Funds for a period of 12 months from the signing of the Settlement Agreement.

25. Defendant breached the terms of the Settlement Agreement by failing to make timely contributions to the Plaintiff Funds for a period of 12 months. As a result, the liquidated damages of $5,698.60 is due and owing.

7

26. By letter dated March 15, 2016, Plaintiff Funds demanded payment of the liquidated damages due to them from the Previous Audits as a result of Defendant's failure to comply with the conditions of the Settlement Agreement.

27. Defendant has refused and failed to perform its obligations under the Settlement Agreement, Collective Bargaining Agreement and Trust Agreement.

WHEREFORE, Plaintiff Funds request the following relief:

D. That judgment be entered in its favor and against Defendant for the amount of $5,698.60;

E. That Plaintiff Funds recover from Defendant its damages and all costs of collection and recovery, including its reasonable attorneys' fees and costs; and

F. That Plaintiff Funds have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

Dated this 3rd day of June, 2016.

/s/ Cynthia L. Buchko

Cynthia L. Buchko
General Counsel for
Operating Engineers Local 139 Health Benefit Fund,
Wisconsin Operating Engineers Skill Improvement and
Apprenticeship Fund, Trustee Terrance E. McGowan,
International Union of Operating Engineers Local 139 and
Joint Labor Management Work Preservation Fund
a/k/a Construction Business Group
4702 S. Biltmore Lane
Madison, WI 53718
Attorney No. 1036102
Telephone: 608-310-8341
Facsimile: 608-240-4179
E-mail: c.buchko@cbgwi.com